THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0146-JCC |
| Plaintiff, | ORDER |
| v. | |
| MARIE CHRISTINE FANYO-PATCHOU, *et al.*, | |
| Defendants. | |

This matter comes before the Court on the parties' stipulated protective order (Dkt. No. 46). The Court ENTERS the following protective order:

1. <u>PROTECTED MATERIAL</u>

The Government will make available copies of the Protected Material, including those filed under seal, to defense counsel to comply with the Government's discovery obligations. Possession of copies of the Protected Material is limited to the attorneys of record, investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (hereinafter collectively referred to as "members of the defense team").

The following documents and materials are deemed "Protected Material": (1) Grand Jury transcripts and exhibits; (2) victim and witness statements, including but not limited to reports of law enforcement officers memorializing victim and witness statements, and written and recorded

statements by the victim and witnesses; (3) personal and other information, including medical records, protection order applications, immigration records, and criminal records relating to or concerning the victim and witnesses; (4) documents, reports, or writings containing personal information about or related to the victim and witnesses provided by the Government.

As used in this order, the term "personal information" refers to each victim and witness's full name, date of birth, Social Security number (or other identification information), driver's license number, immigration alien number, residence address, telephone number, location of residence, name of employer or employment, school records, criminal records, and other confidential information.

2. <u>SCOPE OF REVIEW OF PROTECTED MATERIAL</u>

Defense attorneys of record and members of the defense team may display and review the Protected Material with Defendants. The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to Defendants and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to Defendants and other persons.

For an in-custody Defendant, notwithstanding the terms of this order, defense counsel may provide a completed copy of the Federal Detention Center's Electronic Discovery and Legal Material Authorization Form and electronic copies of any Protected Material to the Education Department in the Federal Detention Center ("FDC") at SeaTac, Washington. Defendants may review the electronic copies of Protected Material in the FDC Education Department pursuant to Bureau of Prisons and FDC SeaTac's policies and procedures, but will not be permitted to have a copy of the Protected Material in their cells.

The United States Attorney's Office for the Western District of Washington is similarly allowed to display and review the Protected Material to lay witnesses, but is otherwise prohibited from providing copies of the Protected Material to lay witnesses, i.e. non-law enforcement witnesses.

3. <u>CONSENT TO TERMS OF PROTECTIVE ORDER</u>

Members of the prosecution and defense teams shall maintain written consent and acknowledgement that they will each be bound by the terms and conditions of this protective order. The written consent need not be disclosed or produced by the parties unless ordered by the Court.

4. <u>PARTIES' RECIPROCAL DISCOVERY OBLIGATIONS</u>

Nothing in this order should be construed as imposing any discovery obligations on the Government or Defendants that are different from those imposed by case law, the Federal Rules of Criminal Procedure (including Rule 16), and the Local Criminal Rules.

5. <u>FILING OF PROTECTED MATERIAL</u>

Any Protected Material that is filed with the Court in connection with pretrial motions, trial, sentencing, or other matters before the Court shall be filed under seal and shall remain sealed until otherwise ordered by the Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant Local Criminal Rules and Federal Rules of Criminal Procedure pertaining to the sealing of court documents.

6. <u>NON-TERMINATION</u>

The provisions of this order shall not terminate at the conclusion of this prosecution.

7. <u>VIOLATION OF PROTECTIVE ORDER</u>

Any violation of any term or condition of this order by Defendants, his/her attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Western District of Washington may be held in contempt of court and/or may be subject to monetary or other sanctions as deemed appropriate by the Court.

If any Defendant violates any term or condition of this order, the Government reserves the right to seek a sentencing enhancement for that Defendant for obstruction of justice or to file any criminal charges relating to that Defendant's violation.

1     DATED this 10th day of September 2019.

*[signature: John C. Coughenour]*

John C. Coughenour  
UNITED STATES DISTRICT JUDGE

ORDER  
CR19-0146-JCC  
PAGE - 4