THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0146-JCC |
| Plaintiff, | ORDER |
| v. | |
| MARIE CHRISTINE FANYO-PATCHOU, RODRIGUE FODJO KAMDEM, and CHRISTIAN FREDY DJOKO, | |
| Defendants. | |

This matter comes before the Court on the Defendant Marie Christine Fanyo-Patchou, Defendant Rordigue Fodjo Kamdem, and the Government's unopposed motion to continue the trial date and pretrial motions deadline (Dkt. No. 79). Ms. Fanyo-Patchou and Mr. Kamdem have filed speedy trial waivers up to and including February 17, 2020, and March 3, 2020, respectively. (Dkt. Nos. 91–92.) Defendant Christian Fredy Djoko, however, has not. (*See* Dkt. No. 79 at 2.) While Mr. Djoko's attorneys have explained to him that they require additional time to provide him with effective assistance of counsel, Mr. Djoko does not wish to sign a speedy trial waiver. (*See id.*) The Court must therefore decide whether to move the trial date despite Mr. Djoko's decision to not sign a waiver.

The Speedy Trial Act requires that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date (and making

public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, certain "periods of delay shall be excluded in computing the time within which . . . the trial . . . must commence." *Id.* § 3161(h). The Act lists several types of excludable delay, *see id.* § 3161(h)(1)–(6), and also allows exclusion if "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by [a continuance] outweigh the best interest of the public and the defendant in a speedy trial," *see id.* § 3161(h)(7)(A). In making such a finding, the court must consider certain non-exhaustive factors. *See id.* § 3167(h)(7)(B).

Here, the moving parties argue that a continuance is necessary because of the complex nature of the case and the need for additional discovery. (*See* Dkt. No. 79 at 2–5.) To date, the Government has provided 5,485 pages and digital files to the defense. (*Id.* at 3.) Many of those pages are in a combination of French and Ewondo, and the Government's translation firm still needs to translate the pages. (*Id.*) Once the translations are complete, the parties will need time to review them. (*Id.*) In addition, the parties may need to continue to investigate who received or sent text and online messages and communications with Defendants, John Doe, and John Doe's family members. (*Id.* at 4.) Those investigations could potentially take place in Cameroon and other foreign countries. (*Id.*)

Having considered the parties' arguments for a continuance and the relevant record, the Court agrees that a continuance is necessary. The Court FINDS as follows:

1. Failure to grant a continuance would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). The parties have had only limited time to review a large volume of materials produced during discovery. (*See* Dkt. No. 79 at 3–5). In addition, important discovery may still need to take place. (*See id.* at 4.)
2. The case is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the

Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). The Government has charged three defendants with conspiracy to engage in cyberstalking and with cyberstalking. (*See* Dkt. No. 1 at 2–6.) The alleged conspiracy involves communications with many different people in multiple countries. (*See id.*) These allegations have raised complex factual and legal issues, including constitutional issues. (*See* Dkt. No. 58 at 15–16.)

3. The additional time requested is a reasonable period of delay, as Ms. Fanyo-Patchou and Mr. Kamdem have requested more time to prepare for trial, investigate the matter, gather evidence material to the defense, and to consider possible defenses. (*See* Dkt. No. 79 at 3–5.)

4. The additional time requested between the current trial date and the new trial date is necessary to provide Defendants' attorneys reasonable time to prepare for trial considering their schedules and all of the facts set forth above.

5. The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and Defendants in any speedier trial. *See* 18 U.S.C. § 3161(h)(7)(A).

For the foregoing reasons, the unopposed motion to continue the trial date and pretrial motions deadline (Dkt. No. 79) is GRANTED. It is therefore ORDERED that the trial date is CONTINUED from October 7, 2019, to February 3, 2020, at 9:30 a.m. The time between the date of this order and the new trial date is excludable time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A). Any pretrial motions shall be filed no later than January 10, 2020.

DATED this 4th day of October 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE