THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR19-0146-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MARIE CHRISTINE FANYO-PATCHOU, RODRIGUE FODJO KAMDEM, and CHRISTIAN FREDY DJOKO, | |
| Defendants. | |

This matter comes before the Court on Defendants Marie Christine Fanyo-Patchou, Rodrigue Fodjo Kamdem, and Christian Fredy Djoko's motion to dismiss the indictment or, in the alternative, for a bill of particulars (Dkt. No. 96).[1] Having considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

On August 1, 2019, a federal grand jury indicted Defendants on charges of cyberstalking in violation of 18 U.S.C. § 2261A(2)(A)–(B) and conspiracy to commit cyberstalking in

---

[1] Defendants have requested leave to file a motion for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). (Dkt. No. 97.) The Court hereby GRANTS Defendants' request for leave to file a motion for a bill of particulars. The Court will consider that motion along with Defendants' motion to dismiss the indictment.

ORDER
CR19-0146-JCC
PAGE - 1

violation of 18 U.S.C. § 371. (Dkt. No. 2–6.) The indictment alleges that Defendants engaged in a campaign of electronic harassment against John Doe, a gay man from Cameroon who lives in Seattle, from September 2018 through November 2018. (Dkt. No. 1 at 2–6.) As part of that alleged campaign, Defendants purportedly disseminated information about John Doe's sexual orientation—including nude images of John Doe and his husband—to the Cameroonian community. (*See id.* at 3–6.) Defendants allegedly committed those acts with the intent to harass or intimidate John Doe, and the indictment claims that Defendants succeeded in placing John Doe in reasonable fear of serious bodily injury to himself and his immediate family members. (*See id.*)

Since the grand jury indicted Defendants, the Government has provided Defendants with a large volume of discovery materials. (*See* Dkt. No. 104 at 11.) Those materials include "over 6,700 pages, numerous photographs, audio records, and screenshots of online messages (texts, WhatsApp, and Facebook), translations and recordings and online message (French to English), Facebook records, cell phone analysis reports, law enforcement reports and transcripts of witness interviews, and immigration files." (*Id.*) Despite these discovery materials, Defendants now move for dismissal of the indictment or, alternatively, for a bill of particulars. (Dkt. No. 96.)

## II. DISCUSSION

Defendants argue that the indictment is inadequate because it does not identify the specific communications that gave rise to the conspiracy or the communications that Defendants sent with requisite the intent to put John Doe in danger or at risk of physical harm. (*See id.* at 3.) The Government argues in response that the indictment is adequate because it tracks the relevant statutory language, it states the manner and means by which Defendants engaged in the conspiracy, and it provides a list of 15 overt acts committed during and in furtherance of the conspiracy. (*See* Dkt. No. 104 at 2–3.) In addition, the Government contends that a bill of particulars is unnecessary given the information it has provided in discovery. (*See id.*) The Court agrees with the Government. The indictment sets forth the Government's theory of the case and

gives Defendants enough factual information to identify the conduct on which the Government intends to prove its theory at trial. That is all the Government must provide.

### A.     Defendants' Request to Dismiss the Indictment

Criminal defendants have the "right . . . to be informed of the nature and cause of the accusation" against them. U.S. Const. amend. VI. This right is important, but it is also narrow: "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 655 F.2d 126, 135 (7th Cir. 1985). Thus, an indictment adequately informs the defendant if it (1) alleges the elements of the crime charged and (2) "provide[s] enough factual information to enable the defendant[] to identify the conduct on which the government intends to base its case." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003); *see also United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982) ("[T]he issue in judging the sufficiency of the indictment is whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge.").

In this case, the indictment alleges the elements of conspiracy and interstate cyberstalking.[2] (*See* Dkt. No. 1 at 2–6.) As shown by the chart in the Government's response, counts 1 and 2 of the indictment track 18 U.S.C. §§ 371, 2262A(2)(A), and 2262A(2)(B) almost word-for-word. (*See* Dkt. No. 104 at 4–5.) The indictment and the statutory text deviate only where the indictment substitutes general words or phrases, such as "two or more persons," for

---

[2] In their reply, Defendants object to the indictment's use of the phrase "Interstate Stalking," as opposed to "cyberstalking," and ask the Court to strike the "numerous inflammatory allegations and surplusage related to an uncharged offense of interstate stalking." (Dkt. No. 105 at 1–2, 7–8.) However, the Court "need not consider arguments raised for the first time in a reply brief." *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). In addition, Defendants appear to conflate the colloquial way to distinguish between § 2261A(1) and (2) with the statutory name for a charge under § 2261A(2). When Congress amended § 2261A to "include[e] cyberstalking," it kept the title of "Stalking" for § 2261A. *See* Violence Against Women Reauthorization Act of 2013, Pub. L. No. 113-4, 127 Stat. 54, 77–78 (codified as amended at 18 U.S.C. § 2261A). The indictment's references to "Interstate Stalking" are therefore appropriate.

words specific to this case, such as the names of Defendants. (*See id.*)

The indictment also provides Defendants with enough factual information to identify the conduct on which the Government intends to base its case. The indictment specifies the types of electronic communication systems that Defendants allegedly used to harass and intimidate John Doe. (*See* Dkt. No. 1 at 2) (referring to text messages, WhatsApp, and Facebook). In addition, the indictment gives a date range for the alleged conduct. (*See id.* at 3–6.) Finally, the indictment alleges 15 overt acts committed in furtherance of a conspiracy to "harass[] and intimidate[] John Doe by distributing and disseminating personal and intimate materials relating to John Doe's sexual orientation to other members of the Cameroonian communities in the United States and Cameroon." (*See id.*) Taken together, these allegations give Defendants enough information to identify the specific communications and other acts that may form the basis of the Government's case. *See Fassnacht*, 332 F.3d at 446 (rejecting defendants' argument that an indictment for obstruction of justice had to refer to specific acts or endeavors aimed at impeding a grand jury's investigation); *United States v. Shepard*, 2011 WL 3236073, slip op. at 1–2 (D. Ariz. 2011), *adopted in part and rejected in part*, 2011 WL 3235773 (D. Ariz. 2011) (upholding indictment for cyberstalking that did not identify specific harassing emails but did identify the method of harassment and the range of dates for when the harassment occurred).

Defendants argue that this information is inadequate. According to Defendants, the indictment must identify both the specific communications that gave rise to the conspiracy and the communications that Defendants sent with the requisite intent to put John doe in danger or at risk of physical harm. (*See* Dkt. No. 104 at 3.) But neither the Constitution nor the Federal Rules of Criminal Procedure require an indictment to be so detailed. *See Kendall*, 655 F.2d at 135; *United States v. Geise*, 597 F.2d 1170, 1180 (9th Cir. 1979) ("[T]here is no requirement in conspiracy cases that the government disclose even all the overt acts in furtherance of the conspiracy."). Rather, an indictment need only "provide enough factual information to enable the defendants to identify the conduct on which the government intends to base its case." *Fassnacht*,

332 F.3d at 446. That is why in *United States v. Shepard*, 2011 WL 3236073, slip op. at 1–2 (D. Ariz. 2011), for example, the district court upheld an indictment for cyberstalking that simply alleged, "[f]rom on or about August 6, 2009, through April 13, 2020, at or near Tucson . . . Moses Antonio Shepard repeatedly contacted Linda Mari Arnaud by means of electronic mail." The indictment in this case is far more detailed, and it informs Defendants of the "nature and cause of the accusation" against them. (*See generally* Dkt. No. 1.)

Defendants rely heavily on *United States v. Buddenberg*, 2010 WL 2735547 (N.D. Cal. 2010), to support their position. (*See* Dkt. No. 96 at 8–10.) In that case, the district court seemed to announce a bright line rule that "in the context of an indictment for threats or intimidation, Rule 7 requires the United States to identify or at least summarize the actual words or expressive conduct that forms the basis of the charge." *Id.* at 4. This bright line rule appears inconsistent with the general principle that the Government need only "provide enough factual information to enable the defendants to identify the conduct on which the government intends to base its case." *Fassnacht*, 332 F.3d at 446. However, even if the rule from *Buddenberg* makes sense when the Government charges a defendant with, for example, communicating a specific threat to kidnap or injure a person, *see* 2010 WL 2735547, slip op. at 6–7 (citing *United States v. Landham*, 251 F.3d 1072, 1081 (6th Cir. 2001)), the charges in this case involve the cumulative effect a "course of conduct," *see* 18 U.S.C. § 2261A(2); (Dkt. No. 1 at 2–6). When such charges are at issue, it is inappropriate to require that the indictment specify each and every communication that makes up the illegal course of conduct. The indictment must instead allege the course of conduct with enough specificity that the defendant can identify the specific communications that the Government might rely on at trial. *See Shepard*, 2011 WL 3236073, slip op. at 1–2. That is what happened here. (*See* Dkt. No. 1 at 2–6.)

### B. Defendants' Request for a Bill of Particulars

As an alternative to dismissal of the indictment, Defendants ask for a bill of particulars. (Dkt. No. 96 at 5–10.) Federal Rule of Criminal Procedure 7(f) gives a court broad discretion to

direct the Government to file a bill of particulars. *See Geise*, 597 F.2d at 1180. "A bill of particulars is appropriate where the indictment is insufficient to permit the preparation of an adequate defense." *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985). Conversely, a bill of particulars is inappropriate where discovery gives the defendant enough information to prepare an adequate defense. *Geise*, 597 F.2d at 1180–81. To be adequately prepared, a defendant in a conspiracy case need not know the "'when, where, and how' of every act in furtherance of the conspiracy"; it is enough that the defendant know the "[t]heory of the government's case." *Id.* at 1181 (quoting *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963)).

Here, the indictment and information produced by the Government give Defendants enough evidence to prepare an adequate defense. The indictment lays out the theory of the Government's case: it alleges that Defendants engaged in a multifaceted campaign to out John Doe's sexual identity to the Cameroonian community with the intent to put John doe in danger or at risk of physical harm. (*See* Dkt. No. 1 at 2–6.) And while the indictment does not identify specific communications that crossed the line from distasteful to criminal behavior, the Government has produced the information that it intends to use to prove that Defendants did, in fact, cross that line. (*See* Dkt. No. 104 at 11.) Defendants are more than capable of reviewing that information to determine which communications will be most and least relevant at trial. *See Geise*, 597 F.2d at 1180–81. By asking the Government to do that work for them, Defendants request the "details of how the [charges against them] will be proved." *Kendall*, 655 F.2d at 135. Rule 7(f) does not require the Government to disclose those details. *Geise*, 597 F.2d at 1181.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' request for leave to file a motion for a bill of particulars (Dkt. No. 97) but DENIES Defendants' motion to dismiss the indictment or, in the alternative, for a bill of particulars (Dkt. No. 96).

//

DATED this 23rd day of December 2019.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR19-0146-JCC
PAGE - 7