UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0146-JCC |
| Plaintiff, | ORDER |
| v. | |
| MARIE CHRISTINE FANYO-PATCHOU, RODRIGUE FODJO KAMDEM, and CHRISTIAN FREDY DJOKO, | |
| Defendants. | |

This matter comes before the Court on the Defendant Marie Christine Fanyo-Patchou and the Government's (collectively, "the moving parties") joint motion to continue the trial date and pretrial motions deadline (Dkt. No. 146). The moving parties ask the Court to continue the trial until September 21, 2020. (*Id.* at 2.) Ms. Fanyo-Patchou has filed a speedy trial waiver up to and including September 30, 2020. (Dkt. No. 147 at 1.) Defendant Rodrigue Fodjo Kamdem is unwilling to file a speedy trial waiver beyond June 2020,[1] and Defendant Christian Fredy Djoko

---

[1] The Court acknowledges Mr. Kamdem's reasons for not agreeing to a September trial date and takes those reasons seriously. (*See* Dkt. No. 146 at 7.) Mr. Kamdem, along with his co-defendants, has been released subject to restrictive pretrial conditions. (Dkt. Nos. 35 at 1, 88 at 1, 133 at 1.) Those conditions make it difficult—and sometimes impossible—for Mr. Kamdem to travel freely. (*See id.* at 7.) Still, the Court finds that a continuance is necessary to give defense counsel the ability to adequately prepare and to prevent a miscarriage of justice.

is unwilling to file any speedy trial waiver at all. (*See* Dkt. No. 146 at 6–7.) The Court must therefore decide whether to move the trial date to September 21, 2020, despite Mr. Kamdem's and Mr. Djoko's decisions to not sign waivers that include that date.

The Speedy Trial Act requires that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, certain "periods of delay shall be excluded in computing the time within which . . . the trial . . . must commence." *Id.* § 3161(h). The Act lists several types of excludable delay, *see id.* § 3161(h)(1)–(6), and also allows exclusion if "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by [a continuance] outweigh the best interest of the public and the defendant in a speedy trial," *see id.* § 3161(h)(7)(A). In making such a finding, the court must consider certain non-exhaustive factors. *See id.* § 3167(h)(7)(B).

At least some form of continuance is necessary in this case given Defendants' pending motion to dismiss (Dkt. No. 138). That motion raises complex First Amendment issues, (*see id.* at 1–5), and the parties—including Mr. Kamdem and Mr. Djoko—have asked for additional time to brief those issues, (*see* Dkt. No. 145 at 1–2). Any delay resulting from the disposition of Defendants' motion is excludable time under 18 U.S.C. § 3161(h)(1)(D).

The moving parties also argue that a continuance is necessary because of the complex nature of the case and the need for additional discovery. (*See* Dkt. No. 146 at 3–7.) The Government has provided over 6,000 pages and digital files to the defense. (*Id.* at 4.) Many of those pages are in French, and defense counsel still needs to have independent translators review the Government's translations. (*Id.*) In addition, certain discovery issues remain outstanding. (*Id.* at 3–4.) Those issues include defense counsel's request for immigration documents relating to both the complaining witness and Government interviews of witnesses in the United States and

Cameroon. (*Id.* at 4.) Once those discovery materials are produced, defense counsel may need to conduct its own investigation in Cameroon. (*Id.*)

Having considered the moving parties' arguments for a continuance and the relevant record, the Court agrees that a continuance is necessary. The Court FINDS as follows:

1. Failure to grant a continuance would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). The parties need further time to translate and review a large volume of materials produced during discovery. (*See* Dkt. No. 146 at 4). In addition, important discovery may still need to take place. (*See id.*)

2. The case is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). The Government has charged three defendants with cyberstalking and conspiracy to engage in cyberstalking. (*See* Dkt. No. 1 at 2–6.) The alleged conspiracy involves communications with many different people in multiple countries. (*See id.*) These allegations have raised complex factual and legal issues, including constitutional issues. (*See* Dkt. No. 138 at 1–5.)

3. The additional time requested is a reasonable period of delay. Ms. Fanyo-Patchou has requested more time to prepare for trial, investigate the matter, gather evidence material to the defense, and consider possible defenses. (*See* Dkt. No. 146 at 5.) In addition, counsel for both Mr. Kamdem and Mr. Djoko acknowledge that they need additional time to provide effective assistance of counsel. (*Id.* at 6–7.) Mr. Djoko's counsel do not oppose the moving parties' request for a continuance to September 2020. (*Id.* at 6.) Mr. Kamdem's counsel do not oppose a continuance to June 2020 based on their client's request. (*Id.* at 7.)

4. The additional time requested between the current trial date and the new trial date is necessary to provide defense counsel reasonable time to prepare for trial

considering their schedules and all of the facts set forth above.

5. The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and Defendants in any speedier trial. *See* 18 U.S.C. § 3161(h)(7)(A).

For the foregoing reasons, the Court GRANTS the moving parties' motion to continue the trial date and pretrial motions deadline (Dkt. No. 146). The Court therefore CONTINUES the trial from February 3, 2020, to September 21, 2020, at 9:30 a.m. The time between the date of this order and the new trial date is excludable time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A). The parties must file pretrial motions by August 14, 2020.

DATED this 30th day of January 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE