THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0146-JCC |
| Plaintiff, | ORDER |
| v. | |
| MARIE CHRISTINE FANYO-PATCHOU, RODRIGUE FODJO KAMDEM, and CHRISTIAN FREDY DJOKO, | |
| Defendants. | |

This matter comes before the Court on the Government's motion or entry of an amended protective order (Dkt. No. 152). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

On September 10, 2019, the Court entered a protective order that limited the dissemination of protected material that might contain sensitive or confidential information. (*See generally* Dkt. No. 65.) The order allows only the Government and defense counsel to retain copies of protected material. (*See id.* at 1.) The order does, however, allow the Government to display and review protected material with non-law enforcement witnesses. (*See id.* at 2.)

One such witnesses is U.M., the complaining witness in this case. U.M. was recently appointed counsel to represent him in his capacity as a potential crime victim. (*See* Dkt. No. 152

at 2–3.) U.M.'s counsel has asked the Government to provide her with copies of law enforcement reports that memorialize her client's statements; other written and recorded statements by her client; and other personal information, as defined in the protective order, that pertains to her client. (*See id.*) The Government now moves to modify the protective order so that U.M.'s counsel may have copies of those materials. (*See id.* at 3.) Defendants oppose the motion. (*See generally* Dkt. No. 158.)

## II. DISCUSSION

The present dispute between the Government and Defendants is a dispute over copies. As Defendants acknowledge, the current protective order allows U.M. to review his recorded statements and other personal information. (*See* Dkt. Nos. 65 at 2, 158 at 6.) But the order does not allow U.M.'s attorney to retain copies of those statements or that information. Defendants do not explain what harm would result if those copies—which consist of U.M.'s personal information and recorded statements—were retained by U.M.'s attorney. And the case Defendants cite as instructive did not involve a request to retain copies of documents that a witness was already allowed to view in the Government's presence; it involved a request for access to a confidential presentence report drafted by the United States Probation Office. *See United States v. Coxton*, 598 F. Supp. 2d 737, 738 (W.D.N.C. 2009); (Dkt. No. 158 at 5). Given that U.M. can already view the protected material at issue in the Government's presence, the Court finds it fair for U.M.'s attorney to retain copies of that material.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motion for entry of an amended protective order (Dkt. No. 152) and ENTERS the following order:

1. <u>PROTECTED MATERIAL</u>

The Government will make available copies of the Protected Material, including those filed under seal, to defense counsel to comply with the Government's discovery obligations. Possession of copies of the Protected Materials is limited to the attorneys of record, and

investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as "members of the defense team"). These categories of materials are deemed "Protected Material": (1) Grand Jury transcripts and exhibits; (2) victim and witness statements, including but not limited to reports of law enforcement officers memorializing witness statements, and written and recorded statements by the victim and witnesses; (3) personal and other information, including medical records, protection order applications, immigration records, and criminal records relating to or concerning the victim and witnesses; (4) documents, reports, or writings containing personal information about or related to the victim and witnesses provided by the Government.

As used in this order, the term "personal information" refers to each victim and witness's full name, date of birth, Social Security Number (or other identification information), driver's license number, immigration alien number, residence address, telephone number, location of residence, name of employer or employment, school records, criminal records, and other confidential information.

2. <u>SCOPE OF REVIEW OF PROTECTED MATERIAL</u>

Defense attorneys of record and members of the defense team may display and review the Protected Material with Defendants. The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to Defendants and other persons is prohibited and agree not to duplicate or provide copies of Protected Material to Defendants and other persons.

For an in-custody Defendant, notwithstanding the terms of this order, defense counsel may provide a completed copy of the FDC's Electronic Discovery and Legal Material Authorization Form, and electronic copies of any Protected Material to the Education Department in the Federal Detention Center at SeaTac, Washington. Defendants may review the electronic copies of Protected Material in the FDC Education Department pursuant to the Bureau

of Prisons and FDC SeaTac's policies and procedures, but Defendants will not be permitted to have a copy of the Protected Material in their cells.

The United States Attorney's Office for the Western District of Washington is similarly allowed to display and review the Protected Material to lay witnesses but is otherwise prohibited from providing copies of the Protected Material to lay witnesses, *i.e.* non-law enforcement witnesses.

3. <u>DISSEMINATION OF PROTECTED MATERIAL TO COUNSEL FOR WITNESSES</u>

Notwithstanding the terms of Paragraphs 1 through 3 above, counsel for the parties may provide copies of Protected Material to any counsel representing a non-party witness. The Protected Material to be disclosed is limited to those discovery items where the represented witness is the source of the information or where the Protected Material pertains directly and solely to the represented witness. Counsel for the witness is similarly limited to maintaining possession and custody of the Protected Material. Counsel for the witness may display and review the Protected Material with their client but is prohibited from disseminating copies of the Protected Material to their client or third persons.

4. <u>CONSENT TO TERMS OF PROTECTIVE ORDER</u>

Members of the prosecution and members of the defense team must maintain a written consent and acknowledgement that they will each be bound by the terms and conditions of this order. The written consent need not be disclosed or produced by the parties unless ordered by the Court.

Counsel for a witness must sign an acknowledgment of their receipt and agreement to abide by this order and provide the signed acknowledgment and agreement to counsel for the party who provides the Protected Material.

5. <u>PARTIES' RECIPROCAL DISCOVERY OBLIGATIONS</u>

Nothing in this order should be construed as imposing any discovery obligations on the Government or Defendants that are different from those imposed by case law, the Federal Rules

of Criminal Procedure (including Rule 16), and the Local Criminal Rules for the Western District of Washington.

6. <u>FILING OF PROTECTED MATERIAL</u>

Any Protected Material that is filed with the Court in connection with pretrial motions, trial, sentencing, or other matter must be filed under seal and shall remain sealed until otherwise ordered by the Court. This does not entitle either party to seal their filings as a matter of course. The parties must comply in all respects with the relevant Local and Federal Rules of Criminal Procedure pertaining to the sealing of court documents.

7. <u>NON-TERMINATION</u>

The provisions of this order shall not terminate at the conclusion of this prosecution.

8. <u>VIOLATION OF PROTECTIVE ORDER</u>

Any violation of any term or condition of this order by Defendants, their attorneys of record, any member of the defense team, any attorney for the United States Attorney's Office for the Western District of Washington, or any counsel for a witness may result in that person being held in contempt of court and/or subject to monetary or other sanctions as deemed appropriate by the Court.

If Defendants violate any term or condition of this order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice or to file any criminal charges relating to the violation.

DATED this 10th day of April 2020.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR19-0146-JCC
PAGE - 5