THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0146-JCC |
| Plaintiff, | ORDER |
| v. | |
| MARIE CHRISTINE FANYO-PATCHOU, RODRIGUE FODJO KAMDEM, and, CHRISTIAN FREDY DJOKO, | |
| Defendants. | |

This matter comes before the Court on the Government and Defendant Marie Christine Fanyo-Patchou's joint motion to strike the trial date and the pretrial motions deadline and schedule a status conference (Dkt. No. 196). Defendants Rodrigue Fodjo Kamden and Christian Fredy Djoko do not oppose the motion and agree there are compelling reasons to grant it. (*See id.* at 1-2, 6.) Having thoroughly considered the parties' briefing and the relevant record, and finding good cause, the Court hereby GRANTS the motion for the reasons explained below.

A grand jury indicted Defendants on August 1, 2019. (*See* Dkt. No. 1.) Defendants first appeared in this district on August 30, 2019 (Defendant Fanyo-Patchou), (*see* Dkt. No. 50)*,* August 9, 2019 (Defendant Kamdem), (*see* Dkt. No. 18), and August 8, 2019 (Defendant Djoko), (*see* Dkt. No. 13), and were arraigned on September 5, 2019 (Defendant Fanyo-Patchou), (*see* Dkt. No. 56), August 16, 2019 (Defendant Kamdem), (*see* Dkt. No. 34), and August 8, 2019

1  (Defendant Djoko), (*see* Dkt. No. 13).

2        Trial was originally scheduled for October 7, 2019. (*See* Dkt. Nos. 13, 34, 56.) On

3  October 4, 2019, the Court granted the Government, Defendant Fanyo-Patchou, and Defendant

4  Kamdem's unopposed motion to continue the trial until February 3, 2020.[1] (*See* Dkt. No. 93.)

5        On January 24, 2020, Defendant Fanyo-Patchou and the Government jointly moved to

6  continue the trial date until September 21, 2020. (*See* Dkt. No. 146.) Defendants Kamdem and

7  Djoko did not oppose the motion and agreed that there were compelling reasons to grant it. (*Id.*

8  at 1-2.) The Court granted the motion and set trial for September 21, 2020 and the pretrial

9  motions deadline for August 14, 2020. (*See* Dkt. No. 148.)

10        Since the Court last continued the trial date, COVID-19 has spread throughout this

11  district and has significantly impacted the Court's operations. (*See* General Orders 01-20, 02-20,

12  07-20, 08-20, 11-20, 13-20, each of which the Court incorporates by reference.) Specifically, the

13  pandemic has rendered the Court unable to obtain an adequate spectrum of jurors, and public

14  health guidance has impacted the ability of witnesses, counsel, and Court staff to be present in

15  the courtroom. (*See generally id.*)

16        The Government and Defendant Marie Christine Fanyo-Patchou now move to strike the

17  September 21, 2020 trial date and August 14, 2020 pretrial motions deadline and schedule a

18  status conference for November 2020. (*See* Dkt. No. 196.) The parties agree that "a realistic trial

19  date and corresponding motions deadline" should be set for "sometime in 2021." (*Id.* at 5.)

20        The parties argue that the COVID-19 pandemic makes a continuance necessary for two

21  reasons. First, the parties cite COVID-19's impact on the Court, as described in the Court's

22  General Orders. In addition to the Court's general inability to obtain an adequate spectrum of

23  jurors, the parties argue that holding a trial in this matter consistent with public health guidance

24

25  _____

26  [1] Defendants Fanyo-Patchou and Kamdem affirmatively joined the Government's motion, (*see* Dkt. No. 79 at 1), and both filed speedy trial waivers, (*see* Dkt. Nos. 91, 92). Defendant Djoko declined to file a speedy trial waiver but did not oppose the motion. (*See* Dkt. No. 81.)

ORDER
CR19-0146-JCC
PAGE - 2

would pose "unique difficulties" because this case involves three defendants, all of whom are represented by separate counsel, and all of whom will require interpreters at trial. (Dkt. No. 196 at 4.) In addition, "it is highly likely that foreign witnesses from Cameroon may need to travel to this District to testify," and the pandemic may cause these witnesses to be unwilling to travel. (*Id.* at 4-5.) Second, the parties argue that the pandemic has impacted defense counsel's ability to fully and adequately review discovery with their clients, and that, despite due diligence, neither the Government nor Defendants are prepared to file pretrial motions or proceed to trial because of the pandemic's impact on their preparation. (*See id.* at 5-6.) The parties agree that the time period from the date of any order granting this motion to the date of the status conference should be excluded under the Speedy Trial Act. (*See id.* at 6-7.)

Having thoroughly considered the briefing and the relevant record, the Court FINDS that the ends of justice served by granting a continuance outweigh the best interests of the defendants and the public to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The reasons for this finding are:

1. The COVID-19 pandemic has rendered the Court unable to obtain an adequate spectrum of jurors, which would likely make proceeding on the current case schedule impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

2. Public health guidance has impacted the ability of witnesses, counsel, and Court staff to be present in the courtroom. Holding a trial in compliance with public health guidance presents unique difficulties in this matter due to the number of defendants, attorneys, and interpreters that would need to be in the courtroom. Therefore, proceeding with the current trial date would likely be impossible. *See* 18 U.S.C. § 3161(h)(7)(B)(i).[2]

---

[2] The Court does not rely on the likely need for witnesses to travel from Cameroon at this time. The parties do not argue the witnesses are "essential," *see* 18 U.S.C. § 3161(h)(3)(A), nor do they provide sufficient details about the witnesses to allow the Court to determine whether proceeding to trial without these witnesses would result in a miscarriage of justice. Since the inability to hold a trial in compliance with public health guidance is sufficient grounds to conclude that proceeding on the current schedule would be impossible or would result in a

3.  The COVID-19 pandemic has impacted defense counsel's ability to fully and adequately review discovery with their clients; has impacted the Government's ability to complete its investigation; and has prevented the Government and Defendants, despite due diligence, from fully and adequately preparing for trial. Therefore, regardless of whether this case is unusual or complex, the failure to grant a continuance would deny counsel for Defendants and the Government reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Court ORDERS:

1.  The September 21, 2020 trial date is STRICKEN.

2.  The August 14, 2020 pretrial motions deadline is STRICKEN.

3.  A telephonic status conference is set for November 10, 2020 at 10:00 a.m. to determine a trial date and pretrial motions deadline.

4.  The period from the date of this order until and including November 10, 2020 is an excludable time period under 18 U.S.C. § 3161(h)(7)(A).

DATED this 17th day of September 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

miscarriage of justice, the Court need not address the impact of the witnesses in Cameroon at this time.

ORDER
CR19-0146-JCC
PAGE - 4