THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARIE CHRISTINE FANYO-PATCHOU,<br>RODRIGUE FODJO KAMDEM, and,<br>CHRISTIAN FREDY DJOKO,<br><br>　　　　　Defendants. | CASE NO. CR19-0146-JCC<br><br>ORDER |

This matter comes before the Court following a status conference on November 10, 2020. A grand jury indicted Defendants on August 1, 2019. (*See* Dkt. No. 1.) Defendants first appeared in this district on August 30, 2019 (Defendant Fanyo-Patchou), (*see* Dkt. No. 50); August 9, 2019 (Defendant Kamdem), (*see* Dkt. No. 18); and August 8, 2019 (Defendant Djoko), (*see* Dkt. No. 13). They were arraigned on September 5, 2019 (Defendant Fanyo-Patchou), (*see* Dkt. No. 56); August 16, 2019 (Defendant Kamdem), (*see* Dkt. No. 34); and August 8, 2019 (Defendant Djoko), (*see* Dkt. No. 13).

Trial was originally scheduled for October 7, 2019. (*See* Dkt. Nos. 13, 34, 56.) On October 4, 2019, the Court granted the Government, Defendant Fanyo-Patchou, and Defendant

ORDER
CR19-0146-JCC
PAGE - 1

Kamdem's unopposed motion to continue the trial until February 3, 2020.[1] (*See* Dkt. No. 93.)

On January 24, 2020, Defendant Fanyo-Patchou and the Government jointly moved to continue the trial date until September 21, 2020. (*See* Dkt. No. 146.) Defendants Kamdem and Djoko did not oppose the motion and agreed that there were compelling reasons to grant it. (*Id.* at 1-2.) The Court granted the motion and set trial for September 21, 2020 and the pretrial motions deadline for August 14, 2020. (*See* Dkt. No. 148.)

On August 14, 2020, the parties moved to vacate the trial date in light of the COVID-19 pandemic and schedule a status conference to determine a new trial date. (*See* Dkt. No. 196.) The parties argued that "a realistic trial date" should be set for "sometime in 2021." (*Id.* at 5.) The Court granted the motion and scheduled a status conference for November 10, 2020. (*See* Dkt. No. 203 at 4.) At the status conference, counsel for the Government and counsel for Ms. Fanyo-Patchou and Mr. Djoko agreed that in light of Defendants' pending interlocutory appeal (Dkt. No. 201) and the complexity of this case, trial should be scheduled for June 2021. Mr. Kamdem objected and requested an earlier trial.

In addition, over the past eight months, the COVID-19 pandemic has significantly impacted the Court's operations. (*See* General Orders 01-20, 02-20, 07-20, 08-20, 11-20, 13-20, 15-20 each of which the Court incorporates by reference.) Specifically, the pandemic has made it difficult for the Court to obtain an adequate spectrum of jurors to represent a fair cross section of the community, and public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. (*See generally id.*) Conditions have improved such that a trial in June 2021 may be feasible. *See* General Order 15-20.

Accordingly, the Court FINDS that the ends of justice served by continuing trial until June 2021 outweigh the best interests of Defendants and the public to a speedy trial. *See* 18

---

[1] Defendants Fanyo-Patchou and Kamdem affirmatively joined the Government's motion, (*see* Dkt. No. 79 at 1), and both filed speedy trial waivers, (*see* Dkt. Nos. 91, 92). Defendant Djoko declined to file a speedy trial waiver but did not oppose the motion. (*See* Dkt. No. 81.)

U.S.C. § 3161(h)(7)(A). The reasons for this finding are:

1. The COVID-19 pandemic has made it difficult for the Court to obtain an adequate spectrum of jurors to represent a fair cross section of the community, which would likely make proceeding with an earlier trial impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

2. Public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. Therefore, proceeding with an earlier trial would likely be impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

3. Defendants' interlocutory appeal has stripped the Court of jurisdiction to proceed to trial while the appeal is pending. *See* 18 U.S.C. § 3161(h)(1)(C).

4. This case is unusual and complex due to the number of defendants, novel questions of law, and the potential need for foreign witnesses, so it is unreasonable to expect adequate preparation for trial within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

Accordingly, the Court ORDERS:

1. Trial is scheduled for June 14, 2021 at 9:30 a.m.

2. The pretrial motions deadline is VACATED. The parties are DIRECTED to confer and file a proposed scheduling order regarding other deadlines no later than November 17, 2020. If the parties cannot agree, the parties should identify the areas of disagreement in the filing and contact the Courtroom Deputy to schedule another status conference.

3. The period from September 17, 2020, when the Court first granted a continuance based on the impact of COVID-19, until June 14, 2021 is an excludable time period under 18 U.S.C. § 3161(h)(7)(A).

//

1  DATED this 12th day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE